IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 3:22-CR-52-KAC-DCP |
| JAMES EDWARD MULLINS, JR., and AMBER MARY IRENE DRAPER, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Mullins's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [Doc. 21] and Defendant Draper's Motion to Continue Trial and All Other Deadlines [Doc. 22], both filed on July 8, 2022.

In his motion [Doc. 21], Defendant Mullins asks the Court to continue the August 16, 2022, trial date and corresponding deadlines. He states his counsel needs additional time for research and investigation into this matter to determine whether any pretrial motions are necessary. Defendant Mullins notes that he has received discovery, and although not particularly voluminous, the discovery contains numerous items of multimedia that must be reviewed with him in-person using capable technology by his counsel, thus requiring additional time to review. In addition, Defendant Mullins relates that his counsel needs more time to review the prospective sentencing guidelines and the impact of a conviction with him. The motion provides that granting a continuance should result in the delay being excluded under the Speedy Trial Act, as the ends of justice are best served by allowing counsel the additional time necessary for effective preparation

given counsel's exercise of due diligence pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (B). Counsel for Defendant Mullins has discussed the motion with him, and he understands that the period of time between the filing of the motion to continue and a rescheduled trial date will be fully excludable for speedy trial purposes.

Defendant Draper's motion [Doc. 22], requests a continuance of the trial date and related deadlines for similar reasons as stated in Defendant Mullins's motion. Defendant Draper's motion provides that she has received discovery, including police cruiser videos and documents related to the alleged drug conspiracy in this matter, but her counsel needs more time to review and discuss it with her to determine whether any pretrial motions need to be filed. Defendant Draper also notes she is being detained in an out-of-state facility, and her counsel needs more time to meet with her in person. Finally, Defendant Draper's counsel has been actively negotiating a potential resolution of this matter with the Government, but the parties need more time for that purpose. Defendant Draper's counsel has discussed the request for a continuance with her, and she understands that a continuance will result in a later trial date which would necessarily affect the computation of time for Speedy Trial purposes.

Both motions indicate the Government does not oppose the requests for a continuance. The parties have conferred with Chambers and agreed on a new trial date of February 14, 2023.

The Court finds Defendants' motions [Docs. 21 & 22] are unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motions, Defendants' counsel need additional time to review discovery, research and investigate the circumstances surrounding this case, determine whether any pretrial motions are necessary, and otherwise prepare this matter for trial. Furthermore, additional time

will permit the parties an opportunity to further explore a full resolution of this matter short of trial. Accordingly, the Court finds that a trial continuance is warranted for counsel to have the reasonable time necessary to prepare for trial despite their use of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Defendant Mullins's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 21**] and Defendant Draper's Motion to Continue Trial and All Other Deadlines [**Doc. 22**] are **GRANTED**. The trial of this case is reset to **February 14, 2023**. The Court finds that all the time between the filing of the motion on July 8, 2022, and the new trial date of February 14, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Mullins's Unopposed Motion to Continue Motion Deadline, Plea Deadline and Trial Date [**Doc. 21**] and Defendant Draper's Motion to Continue Trial and All Other Deadlines [**Doc. 22**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **February 14, 2023**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **July 8, 2022**, and the new trial date of **February 14, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing pretrial motions is **August 19, 2022,** and responses will be due **September 2, 2022**. **Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 13, 2023**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **January 31, 2023, at 10:00 a.m.**;

(7) The deadline for filing motions *in limine* is **January 30, 2023**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **February 3, 2023.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge